COMMISSIONER OF INTERNAL REVE-
NUE v. GRACEY.

SAME v. MAHN.

GRACEY et al. v. COMMISSIONER OF
INTERNAL REVENUE.

No. 11587.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1947.

Louise Foster, Sewall Key, J. Louis Mon-
arch, and Newton K. Fox, Sp. Assts. to the
Atty. Gen., Douglas W. McGregor, Asst.
Atty. Gen., and J. P. Wenchel, Chief Coun-
sel, Bur. Int. Rev., and Bernard D. Dan-
iels, Sp. Atty., Bur. Int. Rev., both of
Washington, D. C., for Commissioner of
Internal Revenue.

James H. Yeatman, of Houston, Tex.,
for taxpayers.

Before HOLMES, McCORD, and WAL-
LER, Circuit Judges.

McCORD, Circuit Judge.

The Commissioner and the taxpayers
have filed petitions for review of a decision
of the Tax Court redetermining income tax
deficiencies for the year 1940. The findings
and opinion of the Tax Court are reported,
5 T.C. 296.

· During the taxable year, taxpayers were
husband and wife residing in Texas, a com-
munity property State. Their income tax
returns were filed on a community basis,
and for the taxable year all their income
and deductions represented community in-
come and community deductions.

### The Commissioner's Petitions

Euleon Jock Gracey owned an oil well
drilling rig which had been used in his
business since 1935. The drilling rig ·had
been subject to a depreciation allowance,
and the parties agree that it could not be
considered a "capital asset" under Section
117(a) (1) of the Internal Revenue Code,
26 U.S.C.A. Int.Rev.Code, § 117(a) (1).
In February, 1940, Gracey exchanged his
drilling rig for 500 shares of stock in the
C. I. Drilling Co., Inc. It was stipulated,
and the Tax Court found, that the exchange
of the drilling rig for the stock was a tax-
free exchange under Section 112(b) (3) of
the Internal Revenue Code, 26 U.S.C.A.
Int.Rev.Code, § 112(b) (3), "and that the
basis for gain or loss to petitioner of the
500 shares of stock of C. I. Drilling Co.,

Inc., which he received in exchange for the drilling rig is $29,658.18, the undepreciated cost of the rig."

In March, 1940, Gracey sold 250 shares of the stock for $25,000.00. Since these 250 shares of stock had a substituted basis of $14,829.09, one-half of the undepreciated cost of the rig, a profit of $10,170.91 was realized. Taxpayers treated the profit as a long-term capital gain and included only one-half of the gain in their net community income. The Commissioner determined that the profit was derived from the sale of capital assets held not more than one month, and that, therefore, under Section 117(b) one hundred percentum of the gain was includible in taxpayers' net community income. Applying Section 117(h) (1) of the Internal Revenue Code[1], the Tax Court overturned the Commissioner's determination and held that the holding period for the stock should include the period for which taxpayers held the oil well drilling rig.

The Commissioner contends here, as he did before the Tax Court, that Section 117 (h) (1) does not permit the tacking on of a previous holding period where the property exchanged for a capital asset was not itself a capital asset. In substance, Commissioner's argument is that Congress did not intend for the holding period of a non-capital asset to be added to the holding period of a capital asset received in a tax-free exchange.[2]

We agree that for practical tax purposes, in determining gains and losses includible in income under Section 117(b), it ought not to be possible to add the holding period of a non-capital asset such as a drilling rig to the short holding period of a capital asset received in exchange. Con-

gress may not have contemplated that Section 117(h) (1) could be availed of to bring a situation such as is here presented within the long-term capital gains benefits of the statute. However, we may not speculate as to what Congress might have contemplated or intended. We must construe and apply the law as it is written. Sabine Transportation Co. v. Commissioner, 5 Cir., 128 F.2d 945, affirmed 318 U.S. 306, 63 S. Ct. 569, 87 L.Ed. 773; Helvering v. Credit Alliance Corporation, 316 U.S. 107, 62 S.Ct. 989, 86 L.Ed. 1307.

Section 117(h) (1), in clear and unambiguous language, provides for the inclusion in the holding period of a capital asset received on an exchange, if the basis does not change, of the "period for which the taxpayer held * * * the property exchanged * * *." The statute makes no distinction based on whether the prior held property was a capital or a non-capital asset. We may not write such a distinction into the law.

The decision of the Tax Court holding that taxpayers were entitled to report the profit from the sale of the shares of stock as a long-term capital gain is in accord with Section 117(h) (1) and is, therefore, Affirmed.

## The Taxpayers' Petition

On the second issue in the case, the Tax Court sustained the Commissioner's determination and overruled taxpayers' contentions that they were entitled to deduct, in computing community net income, or exclude from their gross income, a sum representing one-fourth of the net profits from the operation of an oil and gas lease, which sum they had paid to the assignor of the lease during the taxable year. The Tax

---

[1] See. 117(h) "Determination of period for which held. * * *

"(1) In determining the period for which the taxpayer has held property received on an exchange there shall be included the period for which he held the property exchanged, if under the provisions of section 113, the property received has, for the purpose of determining gain or loss from the sale or exchange, the same basis in whole or in part in his hands as the property exchanged."

[2] The Tax Court observed that "The precise question presented has not been brought to issue before any court * * *. The Commissioner has not incorporated into his Regulations * * * the interpretation of subsection (h)(1) which is advanced here. Respondent cites G.C.M. 621, (1926) * * * and G.C.M. 11557, (1933) * * *. Consideration has been given to those rulings but, under the facts of this proceeding, we must reach the conclusion stated above [upholding taxpayers' contention]."

Court held the amount paid to assignor to be a capital expenditure, recoverable through depletion allowance. Cf. Quintana Petroleum Co. v. Commissioner, 5 Cir., 143 F.2d 588; Burton-Sutton Oil Co. v. Commissioner, 5 Cir., 150 F.2d 621.

Subsequent to the decision of the Tax Court and pending this appeal, the Supreme Court reversed the Burton-Sutton Case. Burton-Sutton Oil Co. v. Commissioner, 328 U.S. 25, 66 S.Ct. 861, 90 L.Ed. 1062, 162 A.L.R. 827. The Supreme Court decision changes the complexion of principles applicable in cases of this kind. Accordingly, the decision of the Tax Court on this issue, "Issue 2", is Reversed and the cause is Remanded with direction to reopen the case as to this issue and make a redetermination in accordance with the Supreme Court's decision in the Burton-Sutton Case, making proper adjustment for depletion previously allowed on the questioned payment.